## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Full and Complete Release (the "Agreement") is entered into by DAVID JORDAN ("JORDAN"), and TAYLOR INVESTMENTS LLC ("DEFENDANT").

WHEREAS, this matter was initiated by a DEMAND LETTER sent by DAVID JORDAN to DEFENDANT, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302. The Complaint alleges that DEFENDANT discriminated against DAVID JORDAN and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the premises identified in the Complaint; to wit: the Shopping Center located at 1818 NW Broad St, Murfreesboro, TN 37129 (the "PROPERTY").

WHEREAS, JORDAN and DEFENDANT desire to settle this matter without resorting to litigation, the parties agree to the following Full and Complete Release.

NOW, THEREFORE, in consideration of the premises and the mutual benefits to be derived by the parties to this release, it is hereby agreed as follows:

1. JORDAN agrees that the payment of $8,000 (in lieu of statutory attorney's fees, costs, litigation expenses, including any and all present and/or

1

AFF. EXHIBIT "C"

Case 3:23-cv-00496   Document 25-3   highlighted 10/26/23   Page 1 of 13 PageID #: 142
standard settlement

future claims made or that reasonably could have been made as of the date of this agreement) to his counsel by TAYLOR INVESTMENTS LLC shall constitute the entire amount of monetary consideration provided under this Settlement Agreement and Full and Complete Release and that he will not seek any further compensation for any other claimed damages, costs, litigation expenses or attorney fees in connection with the matters encompassed in this Full and Complete Release from either DEFENDANT.

2. TAYLOR INVESTMENTS LLC agrees to pay the above amount of $8,000, in lieu of JORDAN's attorneys fees, costs, and litigation expenses directly to counsel for JORDAN, Wampler, Carroll, Wilson & Sanderson. The parties agree that terms of payment shall be made as follows:

- A Payment of $3,000 will be made or before July 10, 2023.

- A Payment of $3,000 will be made on or before August 10, 2023

- A Payment of $2,500 will be made on or before September 10, 2023

TAYLOR INVESTMENTS LLC agrees that payment for said amount shall be delivered to counsel for the JORDAN's office at 208 Adams Ave., Memphis, TN 38103. TAYLOR INVESTMENTS LLC agrees that payment of the above settlement amount, along with any corresponding 1099 form subsequently issued, shall properly name Wampler, Carroll, Wilson & Sanderson, PLLC, as the sole payee and recipient of the above amount. Further, TAYLOR INVESTMENTS

LLC hereby agrees, warrants, and guarantees that it **shall not** issue or cause to be issued any 1099 form(s) which indicate(s) monetary payment made, in whole or in part, to JORDAN personally, as a result of this Agreement.

TAYLOR INVESTMENTS LLC hereby agrees, warrants, and fully understands that any failure by TAYLOR INVESTMENTS LLC to deliver payment pursuant to the terms enumerated above to counsel for JORDAN, Wampler, Carroll, Wilson & Sanderson, PLLC, on the exact date and in the precise manner set forth hereinabove, i.e., $8,000, payable exclusively to Wampler, Carroll, Wilson & Sanderson, PLLC, delivered via FedEx to 208 Adams Ave., Memphis, TN 38103, pursuant to the time constraints listed above, shall constitute a material breach of this Settlement Agreement and shall relieve JORDAN from any and all obligations under this Settlement Agreement, including JORDAN'S release of any claims and/or potential claims against DEEFNDANT as set forth herein.

3. JORDAN hereby warrants that he has not assigned any claim he has or may have against DEFENDANT to any other person or entity. Consistent with the provisions of the ADA which dictate that Title III PLAINTIFFS are not able to recover monetary damages as a remedy, it is hereby understood by JORDAN and DEFENDANT that the monetary payment made by TAYLOR INVESTMENTS LLC in settlement of this matter shall be made directly and exclusively to the

Wampler, Carroll, Wilson & Sanderson, PLLC, from TAYLOR INVESTMENTS LLC and that said payment belongs exclusively to Wampler, Carroll, Wilson & Sanderson, PLLC, and that JORDAN is not entitled to and shall not receive any monetary consideration from this settlement payment.

4. JORDAN and DEFENDANT further agree that modifications to the PROPERTY that TAYLOR INVESTMENTS LLC deems necessary to comply with the ADA are to be completed within 120 days of the execution of this agreement JORDAN and DEFENDANT agree that these modifications and/or remediation activities shall constitute the entire amount of non-monetary relief provided to JORDAN under this full and complete release and that JORDAN will not seek any additional non-monetary relief in connection with the matters encompassed in this settlement agreement and full and complete release. Upon completion of its modifications and/or remediation activities, DEFENDANT hereby agrees and warrants that it shall provide to Rebecca J. Hutto of Wampler, Carroll, Wilson & Sanderson, P.C., counsel for the JORDAN, photographic documentation of the completed modifications to the specific elements identified in JORDAN'S draft complaint.

5. The parties agree that this Agreement is not an admission by TAYLOR INVESTMENTS LLC of any wrongdoing or violations of the ADA or any other law or regulation.

4

6. As a further material inducement to TAYLOR INVESTMENTS LLC, JORDAN hereby irrevocably and unconditionally remises, releases, acquits, satisfies, indemnifies, holds harmless, and forever discharges TAYLOR INVESTMENTS LLC and their past and present agents, employees, representatives, officers, directors, shareholders, attorneys, accountants, insurers, receivers, advisors, consultants, partners, partnerships, parents, divisions, subsidiaries, affiliates, assigns, agents, independent contractors, successors, heirs, predecessors in interest, joint ventures, commonly controlled corporations and all persons acting by, through, under, or in concert with any of them, or any of them individually (collectively, the "Released Parties"), from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debt, and expenses (including attorneys' fees and legal expenses), of any nature whatsoever, except as previously provided for in this document, whether known or unknown (hereinafter collectively referred to as "CLAIM" or "CLAIMS"), which JORDAN now has, has had, or may hereinafter claim to have had, or may hereafter claim to have had against TAYLOR INVESTMENTS LLC by reason of any matter, act, omission, cause or event that has occurred or may have occurred up to the present date, including, without limitation, any and all claims related in any manner to alleged violations of the ADA, 42 U.S.C. §12181 *et seq.* and 28 C.F.R. § 36.302,

5

the PROPERTY, or otherwise related to his involvement in any way with TAYLOR INVESTMENTS LLC that has occurred or may have occurred up to the present date. All claims and causes of action that JORDAN may have or possibly might have as a result of the matters referred to herein are hereby merged in the terms of this release and are forever released, discharged, and barred. JORDAN expressly acknowledges that this Settlement Agreement and Full and Complete Release may be pleaded as a complete defense and will fully and finally bar any such known or unknown CLAIM or CLAIMS based on any acts or omissions of TAYLOR INVESTMENTS LLC up to the date of the execution of this Settlement Agreement and Full and Complete Release. Conversely, as a further material inducement to JORDAN, DEFENDANT hereby irrevocably and unconditionally remises, releases, acquits, satisfies, indemnifies, holds harmless, and forever discharges JORDAN and his insurers, assigns, successors, agents, servants, employees, officers, directors, elected officials, heirs, administrators, executors, representatives, and attorneys, including all persons known or unknown acting by, through, under, associated with, or in concert with any of them, or any of them individually, from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debt, and expenses (including attorneys' fees and legal expenses), of any nature whatsoever, except as

6

previously provided for in this document, whether known or unknown, which DEFENDANT now has, has had, or may hereinafter claim to have had, or may hereafter claim to have had against JORDAN and/or his insurers, assigns, successors, agents, servants, employees, officers, directors, elected officials, heirs, administrators, executors, representatives, and attorneys, including all persons known or unknown acting by, through, under, associated with, or in concert with any of them, or any of them individually by reason of any matter, act, omission, cause or event that has occurred or may have occurred up to the present date, including, without limitation, any and all claims related in any manner to alleged violations of the ADA, 42 U.S.C. §12181 et seq. and 28 C.F.R. § 36.302 or otherwise related to DEFENDANT'S involvement in any way with JORDAN that has occurred or may have occurred up to the present date. All claims and causes of action that DEFENDANT may have or possibly might have as a result of the matters referred to herein are hereby merged in the terms of this release and are forever released, discharged, and barred.

7. JORDAN expressly acknowledges that neither this settlement Agreement and Full and Complete Release nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability of TAYLOR INVESTMENTS LLC with respect to any claims or potential claims that JORDAN or any other person has asserted, could have

7

asserted, or may assert against TAYLOR INVESTMENTS LLC Regarding alleged violations of the ADA, 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302, the PROPERTY, or otherwise related to his involvement in any way with TAYLOR INVESTMENTS LLC by reason of any matter, act, omission, cause or event that has occurred or may have occurred up to the present date.

8. This settlement is based upon a good faith determination of the parties to resolve a disputed claim.

9. This settlement agreement and release and the very existence of this settlement and the terms and conditions and payments recited herein are strictly confidential. JORDAN agrees that he shall not disclose this information at any future time or to any other person or party without the prior written consent of DEFENDANT, except to his spouse, lawyer, or tax or financial planners, or as may be required by law or in order to enforce the terms hereof. Conversely, DEFENDANT agrees that it shall not disclose this same information at any future time or to any other person or party without the prior written consent of JORDAN, except to their lawyers, or tax or financial planners, or as may be required by law or in order to enforce the terms hereof. In the event of a dispute between the parties about whether JORDAN or TAYLOR INVESTMENTS LLC have violated the requirements of this paragraph, the issue shall be resolved by the Circuit Court of

Hamilton County, Tennessee, which shall have exclusive subject matter jurisdiction.

10. Should any provision of this Settlement Agreement and Full and Complete Release be declared or be determined by any Court of competent jurisdiction to be wholly or partially illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby and shall remain in full force and effect.

11. JORDAN represents that he has reviewed all aspects of this Settlement Agreement and Full and Complete Release, that he has carefully read and fully understands all provisions of this Settlement Agreement and Full and Complete Release, and that he understands that in agreeing to this document, he is releasing TAYLOR INVESTMENTS LLC from any and all claims he may have against them based on any acts or omissions up to the date of the Settlement Agreement and Full and Complete Release; that he voluntarily agrees to all the terms set forth in this Settlement Agreement and Full and Complete Release; that he knowingly agrees to all the terms set forth in this Settlement Agreement and Full and Complete Release; that he knowingly and willingly intends to be legally bound by the same; that he was advised to consider the terms of this Settlement Agreement and Full and Complete Release and to discuss them with his legal counsel; and that the terms of this Settlement Agreement and Full and Complete

Release were determined through negotiation between counsel for JORDAN, acting as attorneys in fact and law on behalf of JORDAN, and counsel for TAYLOR INVESTMENTS LLC, acting as attorneys in fact and law on DEFENDANT'S behalf.

12. JORDAN hereby confirms that he has read and understands this document, that he discussed its terms and meaning with his attorney, that no one has made any representations or promises to his except as maybe stated herein, and that he executes this document as his own free act and deed.

13. This Agreement constitutes the entire agreement between JORDAN and TAYLOR INVESTMENTS LLC, and no other statement, promise, or agreement, either written or oral, made by either party or agents of either party, not contained in this Agreement, shall be enforceable.

14. The parties agree that this Agreement and any and all other documents in connection with the settlement of this matter may be executed in counterparts, and in facsimile form, which shall be deemed the equivalent of an original, each of which shall be deemed an original but all of which taken together shall constitute but one and the same instrument.

15. Each party represents that each person executing this Agreement on its behalf has been authorized to sign on behalf of the respective party and to bind it to the terms of this Agreement.

10

Case 3:23-cv-00496   Document 25-3   Filed 10/16/23   Page 10 of 13 PageID #: 121

IN WITNESS WHEREOF, the parties have entered into this Settlement Agreement and Full and Complete Release made and effective as of the date hereinabove first written.

[SIGNATURE PAGES TO FOLLOW]

[REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK]

Dated: _____          _____
                                            DAVID JORDAN

[SECOND SIGNATURE PAGE TO FOLLOW]

[REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK]

11

Dated: _____     TAYLOR INVESTMENTS LLC

By:_____

_____

[END OF DOCUMENT]

13